**Blaine SALLIER, Plaintiff,**

v.

**Joe SCOTT, Cnolia Redmond, Christine Ramsey, and Deborah Brooks, Defendants.**

No. 96–CV–70458.

United States District Court, E.D. Michigan, Southern Division.

June 6, 2001.

Blaine Sallier, Ferndale, MI, pro se.

Patrick J. Wright, Michigan Department of Atty. Gen. Corrections Div., Lansing, MI, for Joe Scott, Cnolia Redmond, Christine Ramsey, Deborah Brooks, defendants.

H. James Starr, Lansing, MI, for Majrioe Vanochten, defendant.

## ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR POST–TRIAL ATTORNEY FEES [275][1]

TARNOW, District Judge.

Counsel for Plaintiff Sallier filed an Application for Post–Trial Attorney Fees. The total amount requested for post-trial attorney fees is $14,400.00. Plaintiff calculated this figure by multiplying a rate of $200 per hour by 72.2 hours expended. Defendants timely filed a Notice of Appeal in this case. However, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), this Court will exercise jurisdiction over Plaintiffs' Application for Post–Trial Attorney Fees.

■ Defendants filed a response in opposition to the application for fees, citing the provisions of the Prison Litigation Reform Act ("PLRA"). The PLRA caps the attorney fees recoverable in a § 1983 action at 150% of the hourly rate established in 18 U.S.C. § 3006A. "No award of attorney's fees in [a prisoner civil rights action under § 1988]...shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18, for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). "Court-appointed attorneys in the Eastern District of Michigan are compensated at a maximum rate of $75 per hour, and thus, under § 803(d)(3), the PLRA fee cap for attorneys working on prison litigation suits translates into a maximum hourly rate of $112.50." *Martin v. Hadix*, 527 U.S. 343, 350, 119 S.Ct. 1998, 144 L.Ed.2d 347 (1999). Consequently, Plaintiff Counsel's maximum hourly rate allowable under the PLRA is 150% of $75/hour, or $112.50/hour. At a rate of $112.50/hour, the maximum amount that Plaintiff may recover for post-trial attorney fees is $8,122.50 (72.2 hours × $112.50/hour).

The PLRA also limits the award of attorney fees the defendant may be required to pay, to not more than 150% of the amount of the judgment. "Whenever a monetary judgment is awarded in [a prisoner civil rights action under § 1983]...a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." 42 U.S.C. § 1997e(d)(2).

■ Plaintiff argues that the PLRA's cap on attorney fees that may be recovered by a prisoner litigant violates equal protection, and is unconstitutional. However, that argument is in direct contravention of the holdings of this Circuit. The PLRA provisions that impose a cap on the amount of attorney fees recoverable by prisoner litigants pursuing civil rights complaints does not violate equal protection. *Hadix v. Johnson*, 230 F.3d 840 (6th Cir.2000).

Plaintiff argues that the 150 percent cap does not apply to his preparation for and defense of the defendants' post-trial motions. Plaintiff asserts that "any hours expended on the post-trial proceedings were not 'directly and reasonably incurred in proving an actual violation of the plaintiff's rights' nor 'directly and reasonably incurred in enforcing the relief ordered for the violation'." The issue is whether defense of a post-trial motion constitutes either "proving" a violation or "enforcing" relief for purposes of the PLRA.

■ "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444

---

1. Law Clerk Rita Foley provided quality research assistance.

U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979), *citing Burns v. Alcala,* 420 U.S. 575, 580–581, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975). To "prove" is to, "establish or make certain; to establish the truth of (a fact or hypothesis) by satisfactory evidence." Black's Law Dictionary 1240 (7th ed.1999). One definition of "enforce" is, "[t]o give force or effect to (a law, etc.); to compel obedience to." Black's Law Dictionary 549 § 1 (7th ed.1999).

■ It is clear that the hours spent pretrial, and during trial, in obtaining the judgment, constitute hours directly and reasonably incurred in establishing the merits of Plaintiff Sallier's claims. Likewise, hours spent defending the jury award, against the defendants' motion for judgment as a matter of law, may also be considered hours spent to "make certain" the verdict. Therefore, the hours of preparation and argument directly spent defending against the motion for judgment as a matter of law, are hours directly and reasonably incurred in "proving" that Plaintiff Sallier's rights were violated. Thus, the attorney fee cap mandated by the PLRA does apply, in this case, to the attorney fees incurred in defending Plaintiff Sallier's verdict on the defendant's motion for judgment as a matter of law.

■ This decision follows the restrictions on attorney fees which may be awarded to prisoner litigants, post-PLRA. If the PLRA did not apply in this case, the Court would not be compelled to reduce the amount of fees the defendant may be ordered to pay. "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." *Marbury v. Madison,* 1 Cranch 137, 5 U.S. 137, 163, 2 L.Ed. 60 (1803). The Court does not reach the question, in this case, of whether the PLRA's effect of denying the full award of attorney fees to prisoner litigants, which would otherwise be available to prevailing non-prisoner litigants, infringes a prisoner's right of equal access to justice. Governments are instituted to secure the rights of all men, (*The Declaration of Independence,* para. 2 (U.S.1776)), not to extinguish every right of the imprisoned. "But though his rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime. There is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell,* 418 U.S. 539, 555–56, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ The intent of Congress in passing the PLRA was, "to reduce the large number of frivolous lawsuits brought by prisoners." *Hadix v. Johnson, supra* at 844 (6th Cir.2000), *citing* 141 Cong. Rec. S7498-01 (daily ed. May 25, 1995) (statement of Sen. Dole). However, it is implausible to believe that limiting the amount of attorney fees a defendant may be forced to pay, to a prevailing prisoner plaintiff, would serve to further that Congressional goal. The lawsuit of a prisoner who prevails at trial, and is awarded damages, inherently must raise serious issues. The finding, by a jury, that the prisoner litigant is entitled to an award of monetary damages, is the equivalent of finding that an action is implicitly not a frivolous one. By limiting the amount of attorney fees which may be awarded to a successful prisoner plaintiff, the PLRA penalizes the prisoner solely on the basis of his status as an inmate. The cap on attorney fees cannot function to deter frivolous lawsuits, for it is only the meritorious suits which give rise to an award of attorney fees. However, the Court is obliged to follow the prece-

dent, in this Circuit, which finds that the application of the provisions of the PLRA to inmate litigants does not violate equal protection. *Hadix v. Johnson, supra.*

Plaintiff's argument—that the hours spent preparing for the post-trial motion hearing were not directly and reasonably incurred in proving or enforcing the jury verdict—is self-defeating. The defendants correctly point out that the language of the PLRA allows an award of attorney fees only if the fees are directly and reasonably incurred in proving and enforcing the judgment. If the fees are not so incurred, the language of the PLRA is clear—fees will not be awarded.

In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of [Title 42]...**such fees shall not be awarded,** except to the extent that—

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of [Title 42]; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

PLRA, 42 U.S.C. § 1997e(d)(1), *emphasis added.*

The PLRA allows the excess amount of attorney fees to be properly charged to the defendant, as long as the attorney fees are not greater than 150 percent of the judgment. 42 U.S.C. § 1997e(d)(2). In this case, the attorney fees are capped at $19,500 (150% of the jury verdict awarding $13,000 to Plaintiff Sallier).

This Court's prior order granting Plaintiff's Application for Attorney Fees and Costs [274] applied a portion of the judgment ($130.00) to satisfy the amount of attorney fees awarded. Therefore, Plaintiff's obligation, to pay a portion of the attorney fees from his award, has been satisfied.

■ Defendants have already been required to pay the sum of $18,196.25 in satisfaction of Plaintiff Sallier's attorney fees. (*See* Order of January 17, 2001 Granting Application and Supplemental Application for Attorney Fees, Docket # 274). Consequently, under the PLRA, Plaintiff Sallier may recover from Defendants a maximum award of $1,173.75 in post-trial attorney fees ($19,500.00 cap less the sum of $18,326.25 [$18,196.25 previously taxed to Defendants plus $130.00 previously taxed to Plaintiff Sallier] ). The Court first finds that the number of hours, 72.2, for which Plaintiff seeks remuneration for post-trial work, is reasonable. The Court also finds that the hours spent by Plaintiff's counsel preparing for, and arguing against, the defendants' motion for judgment as a matter of law, were hours reasonably incurred in proving the violation. Therefore, as a result of the limitations imposed by the PLRA, and for the reasons stated on the record during a session of this Court on January 3, 2001,

IT IS HEREBY ORDERED that Plaintiff's Application for Post–Trial Attorney Fees [275] IS GRANTED IN PART. Defendant IS HEREBY ORDERED to pay the amount of one thousand one hundred seventy-three dollars and seventy-five cents ($1,173.75) in Post–Trial Attorney Fees.